## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Luis Polo, being duly sworn, do hereby depose and state the following:

1. I am a Border Patrol Agent with the United States Border Patrol and have been so employed since March 27, 2006. As a Border Patrol Agent, I have gained experience in conducting investigations related to the illegal entry of aliens into United States. I attended the Federal Law Enforcement Training Center at Artesia, New Mexico, where I received training for the purpose of accomplishing my Border Patrol duties, which includes training in immigration related law and matters. Furthermore, I also receive training on a continuing basis for the purpose of maintaining my proficiency pertaining to Border Patrol work.

2. My investigation reveals that, on or about Friday, March 07, 2025, **Luis Manuel GARCIA-DE MOTA** (Also Known As: **Luis Manuel GARCIA-MOTA, Zapatero & Garcia-Zapatero**) was found in the United States illegally after having re-entered the United States illegally by boat, at or near Aguadilla, Puerto Rico. Therefore, this Affidavit is made in support of a Criminal Complaint against **GARCIA-DE MOTA** based on violation of Title 8, *United States Code*, Section 1326(a) & (b)(2), Re-entry of a removed / deported alien, who was found in the United States illegally, subsequent to an aggravated felony conviction.

3. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

1

## PROBABLE CAUSE

4. On or about Friday, March 07, 2025, at approximately 12:00p.m., Puerto Rico Police Department (PRPD) conducted a traffic stop on a 2004 Mitsubishi Outlander gray in color, with License Plates FKW-280.

5. The Mitsubishi Outlander was traveling from east to west on Road PR-3, at or near Rio Grande, Puerto Rico.

6. During the traffic stop, the driver of the vehicle was identified a United States Citizen named Carmen Julia Hance-Rodriguez.

7. In addition, a passenger traveling on the front right-side seat was also identified.

8. The passenger indicated that he was a citizen & national of the Dominican Republic. The passenger was identified as Luis Manuel Garcia-De Mota, which provided a Dominican Republic passport (Passport Number PR0539960), a Dominican Republic driver's license (DR Driver's License Number: 02600429415) and a Dominican Republic identification / voting card (Number 026-0042941-5).

9. United States Border Patrol (USBP) Agent from Sector Intelligence United was contacted by the Drug Enforcement Administration (DEA) regarding a subject who had been encountered during a traffic stop at or near Rio Grande, Puerto Rico.

10. Record checks were run under passenger's name and documents provided, indicating that Luis Manuel Garcia-De Mota had prior immigration and criminal history.

11. Luis Manuel Garcia-De Mota was arrested and transported to the Drug Enforcement Administration (DEA) Office in Guaynabo, Puerto Rico.

12. Upon arrival to the DEA Office, a Border Patrol Agent (BPA) identified himself as an Immigration Officer and proceeded to interview **Luis Manuel GARCIA-DE MOTA**, who freely admitted being a citizen & national of the Dominican Republic illegally present in the United States.

13. U.S. Border Patrol Ramey Station was informed, and arrangements were made to transfer **GARCIA-DE MOTA** from DEA office to USBP Ramey Station.

14. **GARCIA-DE MOTA** was then transported to USBP Ramey Station in Aguadilla, Puerto Rico for further investigation, processing & removal proceedings.

15. Upon arrival & once at Ramey Station, **GARCIA-DE MOTA's** fingerprints were entered into different database systems, corroborating that he in fact has prior immigration & criminal history.

16. As to **GARCIA-DE MOTA's** immigration & criminal history:

   a) On June 09, 2001, at approximately 03:00a.m., **GARCIA-DE MOTA** was encountered at sea, transporting & attempting to illegally enter, eleven (11) subjects (1 Cuban National & 10 Dominican Republic Nationals) onboard a yawl type wooden vessel, by Border Patrol Agents performing marine enforcement operations. At the time **GARCIA-DE MOTA** was offered & granted a Voluntary Departure back to the Dominican Republic.

   b) On May 24, 2007, at approximately 08:43a.m., **GARCIA-DE MOTA**, was encountered at sea by the United States Coast Guard (USCG) Cutter Key Largo, two (02) nautical miles west of Monito Island, Puerto Rico. Traveling in an eastbound direction toward the island, attempting to make landfall. The vessel was overloaded, failing to heave after given several

   commands. At the time, **GARCIA-DE MOTA**, was identified as the master & boat operator who was failing to heave and threatening officers with throwing people overboard if he was not allowed to continue. The vessel engine was eventually disabled by PRPD Officers on scene providing support.

c)  **GARCIA-DE MOTA** was arrested and processed for a Notice to Appear before an Immigration Judge. In addition, **GARCIA-DE MOTA** was prosecuted & criminally charged with Title 8 USC 1324 (a)(1)(A)(I) & (v)(I) – Conspiracy to bring, harbor, smuggle, conceal & transport illegal aliens into the United States & Title 8 USC 1324(a)(1)(A)(I) & (v)(II) – Aiding & abetting to bring, harbor, smuggle, conceal & transport illegal aliens into the United States.

d)  On April 29, 2008, **GARCIA-DE MOTA** pleaded guilty to both counts.

e)  On August 06, 2008, **GARCIA-DE MOTA** was convicted of Title 8 USC 1324 (a)(1)(A)(I) & (v)(I) – Conspiracy to bring, harbor, smuggle, conceal & transport illegal aliens into the United States & Title 8 USC 1324(a)(1)(A)(I) & (v)(II) – Aiding & abetting to bring, harbor, smuggle, conceal & transport illegal aliens into the United States.

f)  **GARCIA-DE MOTA** was sentenced to twenty-four (24) months imprisonment, a supervised release term of three (03) years by Senior District Judge Jose A. Fuste.

g)  On February 13, 2009, an Immigration Judge Order of Removal / Deportation was issued against **GARCIA-DE MOTA**, with the name of

GARCIA-MOTA, Luis Manuel.

h) On March 25, 2009, **GARCIA-DE MOTA**, upon completion of his imprisonment sentence, was officially & physically deported / removed from the United States to the Dominican Republic from the Port of New Orleans, Louisiana.

i) On September 16, 2013, **GARCIA-DE MOTA** was encountered by Homeland Security Investigations (HSI) in Rio Piedras, San Juan, Puerto Rico. **GARCIA-DE MOTA** was prosecuted & criminally charged with Title 8 USC 1326(b)(2) – Reentry of removed alien.

j) On November 14, 2013, **GARCIA-DE MOTA** pleaded guilty as charged.

k) On February 12, 2014, **GARCIA-DE MOTA** was sentenced to forty-one (41) months of imprisonment, to be followed by a supervised release term of three (03) years by Senior District Judge Jose A. Fuste.

l) On February 27, 2014, **GARCIA-DE MOTA** appealed his sentence to the United States Court of Appeals.

m) On October 19, 2015, a Judgment from the United States Court of Appeals was entered in regard to **GARCIA-DE MOTA's** case, indicating that the previous sentence was affirmed.

n) On September 16, 2016, a prior order of removal / deportation was reinstated against **GARCIA-DE MOTA**.

o) On October 18, 2016, **GARCIA-DE MOTA**, upon completion of his imprisonment sentence of forty-one (41) months was officially & physically deported / removed from the United States to the Dominican Republic from

the Port of Atlanta, Georgia.

p) **GARCIA-DE MOTA** claimed to have illegally re-entered the United States through Aguadilla, Puerto Rico, on or about June 2018, and that he has been residing in Puerto Rico ever since, in violation of the supervised release term of three (03) years imposed by Senior Judge Jose A. Fuste back on February 12, 2014.

17. **GARCIA-DE MOTA** admitted to being citizen & national of the Dominican Republic.

18. At the time, **GARCIA-DE MOTA** was found in the United States without valid immigration documents to enter, to re-enter, to be or to remain in the United States legally.

19. BPAs advised **GARCIA-DE MOTA** of his right to legal representation & his right to speak with the Consul of his native country, the Dominican Republic.

20. **GARCIA-DE MOTA** illegally re-entered the United States at a place other than a designated port of entry.

21. **GARCIA-DE MOTA** does not have any immigration documents allowing him to be, to enter, re-enter and/or to remain in the United States legally, to include but not limited, the lack of express consent from the Attorney General of the United States, or his successor, the Secretary of the Department of Homeland Security, to reapply for admission into the United States. Furthermore, **GARCIA-DE MOTA** was not inspected, admitted or paroled into the United States by an Officer of the Bureau of Customs and Border Protection.

22. **GARCIA-DE MOTA** does not have any petitions pending with the Bureau of Citizenship & Immigration Services.

23. Based upon my training, experience, and participation in other investigations, and based on the facts revealed in this investigation, I believe that sufficient probable cause exists to demonstrate the commission of violations of federal law by the above-mentioned subject, to wit, a violation of Title 8, *United States Code*, Section 1326(a) & (b)(2), found in the United States, after having re-entered the United States illegally after having been deported or removed from the United States, subsequent to an aggravated felony conviction.

_____
Luis Polo
Border Patrol Agent, United States Border Patrol

Sworn before me pursuant to FRCP 4.1 at 5:44PM by telephone, this 10th day of March 2025.

_____
Honorable Marcos E. López
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO